UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| JOS DANIEL,<br><br>   Plaintiff,<br><br>v.<br><br>TRINA A. HIGGINS, et al.,<br><br>   Defendants. | **REPORT AND RECOMMENDATION TO GRANT MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION (DOC. NO. 9)**<br><br>Case No. 2:23-cv-00517<br><br>District Judge Howard C. Nielson, Jr.<br><br>Magistrate Judge Daphne A. Oberg |

On July 18, 2023, Plaintiff Jos Daniel, proceeding pro se, filed an action in Utah's Third District Court against the United States Attorney for the District of Utah, United States Attorneys in other districts, as well as one acting and one former Director of the Executive Office of United States Attorneys.[1] Defendants timely removed the action to this court on August 10, 2023, under 28 U.S.C. § 1442(a).[2] On September 12, 2023, Defendants filed a motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) of the Federal Rules of Civil Procedure.[3] Defendants argue the state court

---

[1] (*See* Ex. 1 to Notice of Removal Pursuant to 28 U.S.C. § 1442(a), Compl., Doc. No. 1-1 at 8); *Jos Daniel v. Trina Higgins, et al.*, Case No. 230500304 (3rd Dist. Ct., State of Utah, filed July 18, 2023).

[2] (*See* Notice of Removal Pursuant to 28 U.S.C. § 1442(a) ("Notice Removal"), Doc. No. 1.)

[3] (*See* Mot. to Dismiss for Lack of Subject-Matter Jurisdiction ("Mot. Dismiss"), Doc. No. 9.)  Defendants previously filed a motion to dismiss on August 16, 2023.  (Doc. No. 4.)  In response to that earlier motion, Mr. Daniel filed his Amended Complaint on August 28, 2023. (Am. Compl., Doc. No. 5.)

lacked subject-matter jurisdiction over the claims, and thus, pursuant to the derivative jurisdiction doctrine, this court likewise lacks subject-matter jurisdiction.[4]  No response was filed and no hearing held.  As discussed below, this action should be dismissed without prejudice because the court lacks jurisdiction over this action.

## LEGAL STANDARDS

Rule 12(b)(1) of the Federal Rules of Civil Procedure permits parties to file a motion to dismiss for lack of subject-matter jurisdiction.[5]  A motion to dismiss under Rule 12(b)(1) may take one of two forms—a facial attack or a factual attack.[6]  "A facial attack looks only to the factual allegations of the complaint in challenging the court's jurisdiction."[7]  "A factual attack, on the other hand, goes beyond the factual allegations of the complaint and presents evidence in the form of affidavits or otherwise to challenge the court's jurisdiction."[8]  Defendants' motion presents a facial attack because its only references outside of the complaint and notice of removal are to court records which are subject to judicial notice.[9]  When a motion under this rule presents a facial

---

[4] (Mot. Dismiss 4–7, Doc. No. 9.)

[5] Fed. R. Civ. P. 12(b)(1).  Additionally, Rule 12(h)(3) mandates dismissal if, at any time, the court determines it lacks subject-matter jurisdiction.

[6] *Rural Water Dist. No. 2 v. City of Glenpool*, 698 F.3d 1270, 1272 n.1 (10th Cir. 2012).

[7] *Id.* (internal quotation marks omitted).

[8] *Id.* (internal quotation marks omitted).

[9] *See, e.g.*, *Thurman v. Steidley*, No. 16-cv-554, 2017 U.S. Dist. LEXIS 85725, at *11 (N.D. Okla. June 5, 2017) (unpublished) (concluding a Rule 12(b)(1) motion to dismiss presented a facial attack because it relied on state court records subject to judicial notice).

attack based on the allegations in the complaint, the court applies the standards applicable to a Rule 12(b)(6) motion and accepts the allegations in the complaint as true.[10]

The doctrine of derivative jurisdiction provides that a federal court cannot acquire subject-matter jurisdiction over a case upon removal if the initial state court lacked subject-matter jurisdiction.[11] The doctrine applies even if the federal court would have had subject-matter jurisdiction had the case originally been brought in the federal court.[12] In 1986, Congress abolished the derivative jurisdiction doctrine, with courts split on whether the abolition applied to all removed actions or only to actions brought under 28 U.S.C. § 1441, the general removal statute.[13] A 2002 amendment clarified that the abolition of the doctrine only applies to cases removed under 28 U.S.C. § 1441,

---

[10] *Muscogee Nation v. Okla. Tax Comm'n*, 611 F.3d 1222, 1227 n.1 (10th Cir. 2010); *United States v. Rodriguez-Aguirre*, 264 F.3d 1195, 1203 (10th Cir. 2001).

[11] *See Minnesota v. United States*, 305 U.S. 382, 389 (1939) ("[J]urisdiction of the federal court on removal is, in a limited sense, a derivative jurisdiction. Where the state court lacks jurisdiction of the subject matter or of the parties, the federal court acquires none."); *Crow v. Wyo. Timber Prods. Co.*, 424 F.2d 93, 96 (10th Cir. 1970) ("Jurisdiction on removal is derivative in nature and does not exist if the state court from which the action is removed lacks jurisdiction.").

[12] *See Arizona v. Manypenny*, 451 U.S. 232, 242 n.17 (1981) ("[I]t is well settled that if the state court lacks jurisdiction over the subject matter or the parties, the federal court acquires none upon removal, even though the federal court would have had jurisdiction if the suit had originated there.").

[13] *See* Judicial Improvements Act of 1985, Pub. L. No. 99-336, § 3, 100 Stat. 633, 637 (1986) (current version at 28 U.S.C. § 1441(f)); *Palmer v. City Nat'l Bank*, 498 F.3d 236, 245 (4th Cir. 2007) (noting a circuit split until Congress's 2002 amendment).

leaving cases removed under other statutes—such as 28 U.S.C. § 1442, the federal agency removal statute—still subject to the doctrine.[14]

Because Mr. Daniel proceeds pro se, his filings are liberally construed and "held to a less stringent standard than formal pleadings drafted by lawyers."[15]  Still, pro se plaintiffs must "follow the same rules of procedure that govern other litigants."[16]  For instance, a pro se plaintiff "still has the burden of alleging sufficient facts on which a recognized legal claim could be based."[17]  While the court must make some allowances for a pro se plaintiff's "failure to cite proper legal authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements,"[18] the court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf."[19]

---

[14] *See* Multiparty, Multiforum Trial Jurisdiction Act of 2002, Pub. L. 107-273, § 11020, 116 Stat. 1758, 1827 (codified at 28 U.S.C. § 1441(f)); *High Lonesome Ranch, LLC v. Bd. of Cnty. Comm'rs for the Cnty. of Garfield*, 61 F.4th 1225, 1239 (10th Cir. 2023) (noting that cases removed under 28 U.S.C. § 1442 are still subject to the concept of derivative jurisdiction).

[15] *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

[16] *Garrett v. Selby, Connor, Maddux & Janer*, 425 F.3d 836, 840 (10th Cir. 2005) (internal quotation marks omitted).

[17] *Jenkins v. Currier*, 514 F.3d 1030, 1032 (10th Cir. 2008) (internal quotation marks omitted).

[18] *Hall*, 935 F.2d at 1110.

[19] *Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009) (internal quotation marks omitted).

ANALYSIS

The derivative jurisdiction doctrine mandates dismissal of this action. As noted above, under this doctrine, if a state court lacks subject-matter jurisdiction, a federal court cannot acquire subject-matter jurisdiction upon removal under 28 U.S.C. § 1442.

The state court did not have subject-matter jurisdiction over this lawsuit. "[S]overeign immunity is jurisdictional in nature" and "generally shields the United States, its agencies, and officers acting in their official capacity from suit."[20] Here, the Amended Complaint provides virtually no indication of the basis for Mr. Daniel's claim. In one of the few paragraphs in the Amended Complaint relating specifically to Mr. Daniel, he alleges he seeks immediate release because he "is being privately held as a political prisoner by California Republic; along with **FULL** restitution of his misappropriated assets."[21] Further, as Defendants point out, Mr. Daniel does not allege any actions on the part of Defendants—at all—let alone actions forming the basis of a recognized claim. Instead, the Amended Complaint is replete with arguments bearing the hallmarks of the sovereign citizen movement, including claims Mr. Daniel is "a

---

[20] *Wyoming v. United States*, 279 F.3d 1214, 1225 (10th Cir. 2002). Additionally, even in the limited circumstances where Congress has waived sovereign immunity, it tends to confer exclusive jurisdiction on the federal courts. *See, e.g.*, 28 U.S.C. § 1346(b)(1) (conferring "exclusive jurisdiction" on federal district courts to hear civil actions against the United States in limited circumstances in which sovereign immunity has been waived).

[21] (Am. Compl. 20, Doc. No. 5.) Despite claims he is a "political prisoner" of California, Mr. Daniel lists an address in Salt Lake City.

5

private American civilian" and "sui juris."[22] While these deficiencies call into question whether Mr. Daniel has properly stated a claim, the undersigned agrees with Defendants that any analysis must begin with the more fundamental issue: whether the state court had the power to hear the case. Because Mr. Daniel brought this lawsuit against officers of the United States in state court, and appears to have done so in the officers' official capacity, the state court lacked subject-matter jurisdiction over this action given those officers' sovereign immunity. Under the derivative jurisdiction doctrine, removal to federal court does not remedy this deficiency; this court likewise lacks subject-matter jurisdiction over this action.[23] Accordingly, the district court should grant Defendants' motion to dismiss.[24]

## RECOMMENDATION

Because the state court lacked subject-matter jurisdiction over this matter, this court likewise lacks subject-matter jurisdiction over it. Accordingly, the undersigned

---

[22] (*E.g.*, Am. Compl. 26, Doc. No. 5.) The Tenth Circuit indicated "[t]hese theories should be rejected summarily, however they are presented." *United States v. Palmer*, 699 F. App'x 836, 838 (10th Cir. 2017) (unpublished); *see Charlotte v. Hansen*, 433 F. App'x 660, 661 (10th Cir. 2011) (unpublished) (noting "that an individual's belief that h[is] status as a 'sovereign citizen' puts h[im] beyond the jurisdiction of the courts has no conceivable validity in American law.'" (quoting *United States v. Schneider*, 910 F.2d 1569, 1570 (7th Cir.1990)).

[23] As explained above, the derivative jurisdiction doctrine applies because Defendants removed the case under 28 U.S.C. § 1442. (*See* Notice Removal, Doc. No. 1.)

[24] (Doc. No. 9.)

RECOMMENDS the district court grant Defendants' motion to dismiss[25] and dismiss this action without prejudice.[26]

The parties are notified of their opportunity to object to this report and recommendation. Within fourteen days of being served with a copy of this report and recommendation, any party may file and serve written objections.[27] Failure to object may constitute waiver of objections upon subsequent review.

DATED this 13th day of March 2024.

BY THE COURT:

Daphne A. Oberg
United States Magistrate Judge

---

[25] (*Id.*)

[26] *See Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2006) (providing a dismissal for lack of jurisdiction must be without prejudice).

[27] *See* 28 U.S.C. § 636(b)(1)(C); Fed R. Civ. P. 72(b)(2).